**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security        **0** Assumption of Executory Contract or Unexpired Lease        **0** Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **John Koster**

Debtor(s)

Case No.: **17-30537**
Judge: **MBK**

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: **3-2-2020**

### THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney _____    Initial Debtor: **J K** _____    Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The Debtor has paid $53,326.00 into the Plan and the debtor shall pay **$500.00 Monthly** to the Chapter 13 Trustee, starting on **March 1, 2020** for approximately **32** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☒ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection    X NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the4debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **ROBERT C. NISENSON** | **ATTORNEYS FEES** | 3400 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- ☒ None
- ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

2

pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the

allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **WILMINGTON SAVINGS FUND** | **HOME** | **200,000** | **0.00** |
| **WELLS FARGO 2ND MORTGAGE** | **home** | **200,000** | **0.00** |

**f. Secured Claims Unaffected by the Plan** ☑ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| |

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☐ Not less than ___ percent

☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8: Other Plan Provisions**

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) Other Administrative Claims
   3) Secured Claims
   4) Lease Arrearages
   5) Priority Claims
   6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                          Best Case Bankruptcy

### Part 9: Modification  ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: ____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| home went to sheriff sale, reduction in income of Debtor | Reduce trustee payment due to reduction in income |

Are Schedules I and J being filed simultaneously with this Modified Plan?  ☒ Yes  ☐ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☒ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:  **March 2, 2020**                     /s/ **John Koster**
                                              **John Koster**
                                              Debtor

Date:  _____                             _____
                                              Joint Debtor

Date   **March 2, 2020**                      /s/ **Robert C. Nisenson**
                                              **Robert C. Nisenson 6680**
                                              Attorney for the Debtor(s)

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

```
                          United States Bankruptcy Court
                                District of New Jersey

In re:                                                        Case No. 17-30537-MBK
John Koster                                                   Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-3           User: admin              Page 1 of 2         Date Rcvd: Mar 05, 2020
                               Form ID: pdf901          Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 07, 2020.
db             +John Koster,    20 Fox Borough Road,    Wayne, NJ 07470-8443
cr             +RMBS REO HOLDINGS, LLC,    Phelan Hallinan &Schmieg, PC,    400 Fellowship Road,    Suite 100,
                 Mt. Laurel, NJ 08054-3437
cr             +SELECT PORTFOLIO SERVICING INC., AS SERVICER FOR N,    Phelan Hallinan & Schmieg, PC,
                 400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
cr             +Wilmington Savings Fund Society, FSB, d/b/a Christ,    Robertson, Anschutz & Schneid, P.L.,
                 6409 Congress Avenue, Ste 100,    Boca Raton, FL 33487-2853
517258053       American Express Bank, FSB,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517240660       American Express Centurion Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern  PA 19355-0701
517113841      +Amex,   Correspondence,    Po Box 981540,    El Paso, TX 79998-1540
517113845      +Citi,   Citicorp Cr Srvs/Centralized Bankruptcy,    Po Box 790040,    S Louis, MO 63179-0040
518004948      +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129-2386
518004949      +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129,    Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517113847      +Specialized Loan Servicing/SLS,    Attn: Bankruptcy,    Po Box 636005,    Littleton, CO 80163-6005
517136663      +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517113848      +Usaa Federal Savings Bank,    10750 Mcdermott Freeway,    San Antonio, TX 78288-1600
517651644       Washington Animal Hospital,    C/O Collexx, Inc,    Long Valley, NJ 07853
517113849      +Wells Fargo,    PO Box 10335,    Des Moines, IA 50306-0335
517113850       Wells Fargo Home Mor,    Written Correspondence Resolutions,    Mac#2302-04e  Pob 10335,
                 Des Moines, IA 50306
517131942      +Wilmington Savings Fund Society,    Christopher K. Baxter,    Wellington Ctr.,
                 14643 Dallas Pkwy., Ste. 750,    Dallas TX 75254-8884
517113851      +Xls/cit Educ Loan Trus,    1 Cit Dr,    Livingston, NJ 07039-5703

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Mar 06 2020 01:45:33      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Mar 06 2020 01:45:29      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517113846       E-mail/Text: bankruptcy@mynycb.com Mar 06 2020 01:43:59      New York Community Ban,
                 1801 E 9th St Ste 200,    Cleveland, OH 44114
517221084      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Mar 06 2020 02:06:05      Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517308111      +E-mail/Text: bkteam@selenefinance.com Mar 06 2020 01:44:24
                 Wilmington Savings Fund Society, FSB, d/b/a Christ,    c/o Selene Finance LP,
                 9990 Richmond Ave Ste 400 South,    Houston, TX 77042-4546
                                                                                              TOTAL: 5

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517113842*     +Amex,   Correspondence,    Po Box 981540,    El Paso, TX 79998-1540
517113843*     +Amex,   Correspondence,    Po Box 981540,    El Paso, TX 79998-1540
518034296*     +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517113844     ##+Armor Systems Co,    1700 Kiefer Dr,    Ste 1,    Zion, IL 60099-5105
                                                                                               TOTALS: 0, * 3, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 07, 2020                              Signature:    /s/Joseph Speetjens

```
District/off: 0312-3              User: admin                 Page 2 of 2                  Date Rcvd: Mar 05, 2020
                                  Form ID: pdf901             Total Noticed: 23
```

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 2, 2020 at the address(es) listed below:

```
              Albert    Russo      on behalf of Trustee Albert    Russo docs@russotrustee.com
              Albert    Russo      docs@russotrustee.com
              Aleisha Candace Jennings    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
               ajennings@rasflaw.com
              Andrew M. Lubin     on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
               Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
               bkecf@milsteadlaw.com,    alubin@milsteadlaw.com
              Brian C. Nicholas     on behalf of Creditor    NEW YORK COMMUNITY BANK bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Craig Scott Keiser     on behalf of Creditor    SELECT PORTFOLIO SERVICING INC., AS SERVICER FOR NEW
               YORK COMMUNITY BANK craig.keiser@law.njoag.gov
              Craig Scott Keiser     on behalf of Creditor    RMBS REO HOLDINGS, LLC craig.keiser@law.njoag.gov
              Kevin M. Buttery     on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
               Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
               bkyefile@rasflaw.com
              Laura M. Egerman     on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
               Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust bkyecf@rasflaw.com,
               bkyecf@rasflaw.com;legerman@rasnj.com
              Robert C. Nisenson     on behalf of Debtor John    Koster r.nisenson@rcn-law.com,
               doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com
              Sindi    Mncina      on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
               Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
               smncina@rascrane.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                                 TOTAL: 12
```